James McGRAW, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–1004–CR–238.

Court of Appeals of Indiana.

Dec. 21, 2010.

Susan D. Rayl, Smith Rayl Law Office, LLC, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Brian Reitz, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

James McGraw ("McGraw") appeals the denial of his motion to withdraw his plea of guilty to Dealing in Cocaine, as a Class B felony,[1] presenting the sole issue of whether the trial court abused its discretion by denying the motion for withdrawal. We affirm.

### Facts and Procedural History

On April 21, 2008, the State charged McGraw with Dealing in Cocaine, as a Class A felony, Possession of Cocaine, as a Class C felony,[2] Possession of a Controlled Substance, as a Class D felony,[3] Battery, as a Class D felony,[4] Maintaining a Common Nuisance, as a Class D felony,[5] Possession of Marijuana, as a Class A misdemeanor,[6] and Visiting a Common Nuisance, as a Class B misdemeanor.[7] On December 1, 2009, McGraw pled guilty to Dealing in Cocaine, as a Class B felony, and the remaining charges were dismissed.

On December 21, 2009, McGraw orally moved to withdraw his guilty plea. On January 27, 2010, he filed a Verified Motion to Withdraw Guilty Plea, alleging that, at the time of the plea agreement, he had been "under the influence of controlled substances and/or marijuana." (App.113.) On March 29, 2010, the trial court denied McGraw's motion and sentenced him to ten years imprisonment. McGraw now appeals.

### Discussion and Decision

█ McGraw contends that his guilty plea was involuntary because he was under the influence of medications given to him by other jail inmates. He further asserts that he was unduly pressured when the trial judge abandoned her role of neutrality and actively entered into plea agreement negotiations on behalf of the State.

Indiana Code Section 35–35–1–4(b) sets forth the applicable standard when a defendant pleads guilty pursuant to an agreement with the State and then requests to withdraw the plea:

> After entry of a plea of guilty ..., but before imposition of sentence, the court may allow the defendant by motion to withdraw his plea ... for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea. The motion to withdraw the plea of guilty or guilty but mentally ill at the time of the crime made under this subsection shall be in writing and verified. The motion shall state facts in support of the relief demanded, and the state may file counter-affidavits in opposition to the motion. The ruling of the court on the motion shall be reviewable on appeal only for an abuse of discretion. However, the court shall allow the defendant to withdraw his plea ... whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice.

---

1. Ind.Code § 35–48–4–1.

2. Ind.Code § 35–48–4–6.

3. Ind.Code § 35–48–4–7.

4. Ind.Code § 35–42–2–1.

5. Ind.Code § 35–48–4–13.

6. Ind.Code § 35–48–4–11.

7. Ind.Code § 35–48–4–13.

 The court is required to grant a request to withdraw a guilty plea before sentencing only if the defendant proves that withdrawal of the plea "is necessary to correct a manifest injustice." *Coomer v. State*, 652 N.E.2d 60, 62 (Ind.1995). The court must deny a motion to withdraw a guilty plea if the withdrawal would result in substantial prejudice to the State. *Id.* Except for those polar circumstances, disposition of the motion is within the sound discretion of the trial court and will be reversed only for abuse of discretion. *Id.*

 "Manifest injustice" and "substantial prejudice" are necessarily imprecise standards, and an appellant seeking to overturn a trial court's decision has faced a high hurdle under the current statute and its predecessors. *Id.* at 62. On appeal, the trial court's ruling on a motion to withdraw a guilty plea is presumed to be correct. *Id.* We will not disturb the court's ruling where it was based on conflicting evidence. *Weatherford v. State*, 697 N.E.2d 32, 34 (Ind.1998).

Pursuant to Indiana Code Section 35–35–1–4(b), a movant must state facts in support of the relief demanded. McGraw made a written claim that his plea had been involuntary due to his unsoundness of mind resulting from ingestion of controlled substances or marijuana. At the hearing on his motion for withdrawal of his guilty plea, McGraw reiterated that he had taken controlled substances, explaining that some had been prescribed and some had not. According to McGraw, he first realized that he had signed a plea agreement the next day "after he came to himself." (Tr. 44.) However, although McGraw claimed to have been unable to remember the guilty plea proceedings, he recalled his consultation with his attorney at that time. Indeed, he testified that he was "forced into a plea" because his lawyer "told me to take the ten and he wasn't going to trial with me on this case." (Tr. 201.)

 We also review the statements made by a defendant during the guilty plea hearing in order to determine whether the plea was freely made. *Brightman v. State*, 758 N.E.2d 41, 44 (Ind.2001). Here, the guilty plea hearing record indicates that McGraw denied being under the influence of drugs or alcohol at that time. He also gave lucid, appropriate responses to each question posed to him. As previously observed, an abuse of discretion in the denial of a motion for withdrawal will not be found where there is conflicting evidence. *Weatherford*, 697 N.E.2d at 34.

 On appeal, McGraw also claims that he was coerced into pleading guilty because of the trial court's intervention. "[A]ppellate courts look with disfavor upon issues that are raised by a party for the first time on appeal or in original actions without first raising the issue at first opportunity in the trial court." *Byrd v. State*, 592 N.E.2d 690, 691 (Ind.1992). Waiver notwithstanding, the record reveals that the trial court simply explained to McGraw the sentencing range corresponding to each of his pending charges and identified the parameters of the proposed plea agreement. This did not exceed the bounds of the trial court's role. *See Coomer*, 652 N.E.2d at 63 (recognizing the trial court's obligation to confirm that a defendant understands the sentencing ramifications of a guilty plea). At no time did the trial court abandon neutrality or advise McGraw to take a plea as opposed to proceeding to trial.

McGraw has not established that the withdrawal of his plea is necessary to correct a manifest injustice. The trial court acted within its discretion by denying

McGraw's motion to withdraw his guilty plea.

Affirmed.

NAJAM, J., and DARDEN, J., concur.