**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSHUA BASEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1301-CR-40 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

### APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable David A. Happe, Judge
Cause No. 48C04-1110-FD-2000

**September 4, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Joshua Basey appeals his conviction for Class D felony battery. Appellee-Plaintiff the State of Indiana charged Basey with the crime after he confessed to kicking a two-year-old child in the shin, causing bruises. Basey argues that the trial court abused its discretion in denying his motion to withdraw his guilty plea, claiming withdrawal was necessary to prevent manifest injustice. Specifically, Basey contends that his plea was involuntarily and unknowingly made because, at the time of his plea hearing, he was under the influence of three psychotropic medications. Finding that Basey gave lucid and appropriate responses to the trial court's inquiries during his plea hearing, and that Basey and his counsel assured the court that Basey understood the proceedings and was competent to enter his plea despite being medicated, we conclude that the court could find that Basey voluntarily and knowingly pled guilty. Therefore, the court was within its discretion in denying Basey's motion to withdraw his guilty plea. The judgment of the trial court is affirmed.

## FACTS AND PROCEDURAL HISTORY

On January 27, 2011, officers with the Elwood Police Department were called to a home on a report regarding harassing text messages. After arriving, the officers noticed that two-year-old K.R. had bruises on her left shin. K.R.'s mother and another witness inside the home told the officers that Basey kicked the child in the shin two days earlier. The officers located Basey at a different home and transported him to the police department. There, Basey was advised of his *Miranda*[1] rights, which he waived, and interviewed by police. Basey confessed to the interviewing officers that he kicked K.R.

_____

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

in the shin, explaining that she kicked him first. On October 24, 2011, Basey was charged with Class D felony battery.[2] Basey pled guilty to the charge on November 5, 2011.

At his plea hearing, upon inquiry by the trial court, Basey acknowledged that he intended to plead guilty to Class D felony battery without the benefit of a plea agreement and that, in doing so, he would be admitting to the charges against him. Basey also acknowledged that he understood the range of penalties he faced and that the judge had discretion to choose a penalty within that range. After watching an informational DVD regarding his constitutional and statutory rights, Basey further acknowledged that he would be waiving those rights by pleading guilty.

The trial court and Basey then exchanged the following questions and answers:

[Court]: Are you now under the influence of alcohol or any drugs?

[Basey]: No, sir.

[Court]: Have you ever been treated for any mental illness or, to your knowledge, do you suffer from any mental or emotional disability?

[Basey]: Uh, yeah. I've, uh, bipolar disorder.

[Court]: All right, are ya any – on any medication right now?

[Basey]: Yes.

[Court]: What medication are you on?

[Basey]: Uh, Lithium, Depicote [sic], and [Risperdal.]

[Court]: All right. Are you satisfied that as you sit here today, you fully understand these proceedings and that you are able to knowingly and voluntarily participate in these proceedings?

[Basey]: Yes.

---

[2] Under Indiana Code section 35-42-2-1(a)(2)(B), Battery is a Class D felony when, as here, it results in bodily injury to a person less than fourteen years of age and is committed by a person at least eighteen years of age.

Tr. p. 6-7.

The court made a similar inquiry of Basey's counsel, who stated that he and Basey had discussed the case and that Basey "indicated over a period of time that he wants to plead guilty to the case." Tr. p. 8. Basey's counsel further informed the court that he was satisfied that Basey fully understood the proceedings and was competent to move forward despite his mental illness. Basey's counsel emphasized that he and Basey had "been over this case, in particular, and the idea that he may plead to it for quite some time. It wasn't something that was a knee-jerk reaction." Tr. p. 8.

Next, the prosecutor summarized the evidence against Basey, which included Basey's confession. After Basey affirmed the accuracy of the prosecutor's summary, the court asked Basey why he kicked K.R. Basey replied, "[I]t kind of surprised me [when K.R. kicked me]. It startled me. [My kick] was just kind of a reaction, but … it happened." Tr. p. 11 (ellipses in original). Basey recognized that his response "was way over the top" and offered his plea of guilty to the Class D felony battery charge. Tr. p. 11. The trial court accepted Basey's plea and scheduled a sentencing hearing for November 26, 2012.

At the commencement of the November 26, 2012 hearing, Basey made an oral motion to withdraw his guilty plea. Basey told the court, "I didn't mean to [plead guilty]. … "[I]t was an accident." Tr. p. 23. Basey also denied that he kicked K.R. The court probed further:

> [Court]: I asked you about the facts of the case [at your plea hearing]. We talked in detail about that. You said, "Yes, I did that. I committed a crime." Why would you do that under oath if it – if that didn't happen?

4

[Basey]: To get out of the Madison County Jail.

[Court]: So you just..lied in Court to get out of jail?

[Basey]: Yeah.

\*\*\*

[Court]: Um… That – that's the only reason? You – you discovered it was an accident?

[Basey]: Um – it – I – I want to withdraw my guilty plea. That's all – that's all I gotta say.

[Court]: That doesn't work. You have to have a reason for that. You have to have a credible explanation as to why that is…. You have anything else to say?

[Basey]: No.

Tr. p. 24-25. The judge denied Basey's motion to withdraw his guilty plea but granted a continuance on Basey's sentencing for reasons unrelated to this appeal.

On December 17, 2012, Basey filed a written motion to withdraw his guilty plea. In this motion, he claimed that the three psychotropic medications he was taking at the time he pled guilty caused him "to take actions and think thoughts he would not otherwise do." Appellant's App. p. 14. Basey again asserted that he did not kick K.R. and that he did not intend to plead guilty. In support of his motion, Basey submitted two printouts from the Mayo Clinic website containing information on his medications. Specifically, one printout stated, "Using [Depakote] with any of the following medicines[, including Resperdal,] may cause an increased risk of certain side effects, but using both drugs may be the best treatment for you." Appellant's App. p. 18-19. The printout continued, "More common" side effects include confusion, delusions, and dementia. Appellant's App. p. 25. The second printout stated, "Using [Resperdal] with any of the following medicines[, including Lithium,] is not usually recommended, but

5

may be required in some cases." Appellant's App. p. 35-37.

At Basey's rescheduled sentencing hearing on December 19, 2012, the judge heard further evidence on Basey's motion to withdraw his guilty plea. Basey testified that the Madison County Jail had prescribed him Lithium, Depakote, and Risperdal, and that, although he had taken two of these medications before, he had never taken all three together. Basey further stated that, but for the medications, he would not have pled guilty, and he maintained that he did not kick K.R. On cross-examination, Basey testified that he recalled being in court on the date of his plea hearing, but he did not recall what he said.

Also at his sentencing hearing, Basey presented the testimony of K.R.'s mother. K.R.'s mother testified that, after making her statement to police on January 27, 2011, K.R. admitted to her that Basey did not kick K.R. K.R.'s mother further testified that K.R. frequently makes up stories and suffers a lot of bruises because she is a "klutzy little girl." Tr. p. 50.

After hearing this evidence, the trial court denied Basey's motion to withdraw his guilty plea. The court explained:

> The big problem that the court has, frankly with the theory that's been put forward by Mr. Basey today is that in the probable cause affidavit he acknowledges to the officer in a recorded statement that in fact he did kick the child's shin. And that's inconsistent with the theory that medication cause[d] him to falsely plead guilty.

Tr. p. 57. Ultimately, Basey was sentenced to twenty-four months of incarceration.

## DISCUSSION AND DECISION

6

Basey argues that the trial court abused its discretion in denying his motion to withdraw his guilty plea. He claims that his plea was not voluntarily and knowingly made and, therefore, that withdrawal was necessary to prevent manifest injustice.[3]

> Motions to withdraw guilty pleas are governed by Ind. Code § 35-35-1-4. After the plea of guilty but before sentencing, a court may grant the motion for "any fair or just reason." *Id.* However, the court is required to grant the motion to prevent "manifest injustice" and is required to deny the motion when the State would be "substantially prejudiced." *Id.*

*Smallwood v. State*, 773 N.E.2d 259, 264 (Ind. 2002).[4] "Manifest injustice" is "necessarily [an] imprecise standard[], and an appellant seeking to overturn a trial court's decision has faced a high hurdle under the current statute and its predecessors." *Coomer v. State*, 652 N.E.2d 60, 62 (Ind. 1995). On appeal, the trial court's ruling on a motion to withdraw a guilty plea is presumed to be correct, and we will not disturb the court's ruling where it was based on conflicting evidence. *Weatherford v. State*, 697 N.E.2d 32, 34 (Ind. 1998).

Basey contends that his psychotropic medications caused him to involuntarily and unknowingly plead guilty. A guilty plea by one under the influence of prescription medication is not *per se* invalid. *See McGraw v. State*, 938 N.E.2d 1218, 1220 (Ind. Ct. App. 2010). The influence must be such as to affect the defendant's capacity to voluntarily and knowingly make his plea. *See id.*; *Commonwealth. v. Willis*, 68 A.3d

---

[3] Basey also claims that he presented the trial court with a "fair and just reason" for withdrawal. This claim, however, is without merit. "A trial court abuses its discretion only 'when the failure of the trial court to grant the motion would result in either a manifest injustice to the defendant or in substantial prejudice to the State.'" *Johnson v. State*, 734 N.E.2d 242, 244-45 (Ind. 2000) (quoting *Weatherford v. State*, 697 N.E.2d 32, 34 (Ind. 1998)). "Except under these polar circumstances, disposition of the petition is at the discretion of the trial court." *Weatherford*, 697 N.E.2d at 34.

[4] The State does not claim that denial was necessary to prevent substantial prejudice.

997, 1009 (Pa. Super. Ct. 2013) ("[T]he mere fact Appellant was taking prescribed psychotropic medication at the time of his plea does not, of itself, result in the conclusion he was unable to enter a knowing, voluntary, and intelligent guilty plea.").

To determine whether a defendant's plea was voluntarily and knowingly made, we examine the statements made by the defendant at his plea hearing. *Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001). In *McGraw*, we held that a trial court did not abuse its discretion in denying a defendant's motion to withdraw his guilty plea, even though the defendant later alleged to having been under the influence of controlled substances during his plea hearing. 938 N.E.2d at 1220. Our review of the hearing transcript revealed that the defendant denied being under the influence of drugs at the time and that he gave "lucid, appropriate responses to the each question posed to him" by the trial court. *Id.* Finding conflicting evidence as to whether the defendant's plea was voluntarily and knowingly made, we deferred to the trial court's judgment. *Id.* ("We will not disturb the court's ruling where it was based on conflicting evidence.").

Here, the transcript of Basey's plea hearing reveals that Basey acknowledged his intent to plead guilty and understood the range of penalties he faced and the rights he would be waiving. Basey also assured the court that, although he suffered from bipolar disorder and was under the influence of three psychotropic medications, he fully understood the proceedings and was able to voluntarily and knowingly participate. Although many of Basey's responses during his colloquy with the court were simply, "Yes," and "No," he affirmatively and accurately advised the court of his bipolar disorder and the medications he was taking. Basey also offered the court a readily intelligible—

8

albeit inexcusable—explanation of why he kicked K.R. Additionally, Basey's counsel informed the court that Basey intended to plead guilty and that Basey had indicated this intent "over a period of time." Tr. p. 8. "It wasn't something that was a knee-jerk reaction." Tr. p. 8. Basey's counsel also assured the judge that he was satisfied that Basey fully understood the proceedings and that, despite his mental illness, Basey was competent to enter his plea.

Given Basey's lucid responses to the court's inquiries and the assurances of competency offered by Basey and his counsel, we conclude that the trial court could find that Basey voluntarily and knowingly pled guilty. *See McGraw*, 938 N.E.2d at 1220. Basey has failed to establish that withdrawal of his plea was necessary to prevent manifest injustice; therefore, the court was within its discretion in denying Basey's motion to withdraw his guilty plea.

The judgment of the trial court is affirmed.

BAILEY, J., and MAY, J., concur.