**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

FILED

Feb 10 2014, 9:04 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAVID A. SMITH**
McIntyre & Smith
Bedford, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEFFERY L. FLEENOR, SR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 88A01-1307-CR-296 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WASHINGTON CIRCUIT COURT
The Honorable Larry W. Medlock, Judge
Cause No. 88C01-1211-FB-844

**February 10, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

Jeffery Fleenor, Sr., pleaded guilty to possession of a firearm by a serious violent felon, a Class B felony. The plea agreement called for the State to dismiss two additional charges and for Fleenor to be given an executed sentence of twenty years. Prior to sentencing, Fleenor filed a motion to withdraw his guilty plea. The motion was denied, and the trial court entered judgment of conviction and sentenced Fleenor according to the terms of the plea agreement. Fleenor now appeals, raising one issue for our review: whether the trial court abused its discretion in denying his motion to withdraw his guilty plea. Concluding withdrawal of the guilty plea was not necessary to correct a manifest injustice because Fleenor has failed to show that his plea was not knowing or voluntary or that it was induced by ineffective assistance of counsel, we affirm the trial court's denial of his motion.

## Facts and Procedural History

When police investigated a report from Fleenor's neighbors of shots fired from the direction of his home toward theirs, firearms were found in Fleenor's home. He had previously been convicted of battery with a deadly weapon, a Class C felony, and was therefore classified as a serious violent felon. See Ind. Code § 35-47-4-5(b)(4)(C). The State charged Fleenor with possession of a firearm by a serious violent felon, a Class B felony; criminal recklessness, a Class D felony; and alleged that he was an habitual offender.

Public defender Alice Blevins was appointed to represent Fleenor. While he was awaiting trial, Fleenor was examined by medical professionals for various pre-existing concerns including heart disease and diabetes. The court spoke with the doctors and was

assured that Fleenor was competent, mentally and physically, to stand trial. At a hearing four days before trial, the court informed Fleenor that if he felt unwell during trial, he should tell his counsel and the court would take a break until he felt better. While his case was pending, Fleenor indicated that he was unhappy with Blevins' representation of him and requested appointment of a different public defender. On the day Fleenor's trial was set to begin, public defender Robert Hamilton entered his appearance as co-counsel for Fleenor. A jury was chosen on the first day of trial. Before the trial resumed the following day with opening statements, Fleenor and his attorneys met with his witnesses and discovered they would not be testifying as Fleenor had anticipated. Fleenor therefore entered into plea negotiations with the State which resulted in an agreement that he would plead guilty to possession of a firearm by a serious violent felon, the State would dismiss the criminal recklessness charge and habitual offender allegation, and Fleenor would be sentenced to twenty years. The court immediately held a change of plea hearing during which Fleenor advised the court that he understood the rights he was giving up by changing his plea, including his right to proceed with the jury trial, that he was offering the plea of his own free will, and that he was satisfied with the advice of counsel and the outcome. His attorneys each informed the court that Fleenor was "as lucid as [they had] ever seen him," transcript at 11, and that he had conferred with his family and they had expressed no concerns about his ability to understand the proceedings. After hearing a factual basis for the plea, the trial court accepted the plea agreement and set the matter for sentencing. The trial court dismissed the jury and signed an order releasing Fleenor's firearms out of evidence into the possession of Fleenor's aunt.

Prior to the sentencing hearing, Fleenor obtained private counsel who filed a verified motion to withdraw Fleenor's guilty plea, alleging Fleenor's plea was not knowing and voluntary because he was suffering from a "spell" during the change of plea hearing which left him "exhausted and confused, and not able to make a reasonable, informed decision." Appellant's Supplemental Appendix at 155. The motion also alleged Fleenor was deprived of the effective assistance of counsel. Following a hearing, the trial court denied the motion to withdraw guilty plea and proceeded to sentence Fleenor to twenty years as provided by the plea agreement. Fleenor now appeals.

### Discussion and Decision

### I. Standard of Review

Indiana Code section 35-35-1-4(b) governs a motion to withdraw a guilty plea:

> After entry of a plea of guilty . . . but before imposition of sentence, the court may allow the defendant by motion to withdraw his plea of guilty . . . for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea. The motion to withdraw the plea of guilty . . . made under this subsection shall be in writing and verified. The motion shall state facts in support of the relief demanded, and the state may file counter-affidavits in opposition to the motion. The ruling of the court on the motion shall be reviewable on appeal only for an abuse of discretion. However, the court shall allow the defendant to withdraw his plea of guilty . . . whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice.

Thus, the trial court <u>must allow</u> a defendant to withdraw a guilty plea if it is "necessary to correct a manifest injustice." <u>Jeffries v. State</u>, 966 N.E.2d 773, 777 (Ind. Ct. App. 2012) (quoting Ind. Code § 35-35-1-4(b)), <u>trans. denied</u>. Manifest injustice is shown in instances such as where "a defendant is denied the effective assistance of counsel, the plea was not entered or ratified by the defendant, the plea was not knowingly and voluntarily made, the prosecutor failed to abide by the terms of the plea agreement, or the plea and judgment of

4

conviction are void or voidable." Id.; see also Ind. Code § 35-35-1-4(c). Conversely, the trial court must deny the motion to withdraw guilty plea if doing so would substantially prejudice the State. Jeffries, 966 N.E.2d at 777. In all other cases, the motion may be granted "for any fair and just reason." Id. (quoting Ind. Code § 35-35-1-4(b)). A trial court's ruling on a motion to withdraw guilty plea is presumed to be correct, and we will reverse only for an abuse of discretion. McGraw v. State, 938 N.E.2d 1218, 1220 (Ind. Ct. App. 2010), trans. denied.

## II. Denial of Motion to Withdraw Guilty Plea

### A. Voluntariness of Plea

In order to determine whether a plea was freely made, we review the statements made by the defendant during the guilty plea hearing. Brightman v. State, 758 N.E.2d 41, 44 (Ind. 2001). We should consider questions such as:

> Did the defendant understand the allegations to which he was pleading guilty? Did the defendant know about the right to trial? Was the decision to plead made with the benefit of counsel? Did the defendant appreciate the sentencing ramifications of admitting guilt? What was the defendant's understanding of the bargain struck with the prosecutor?

Coomer v. State, 652 N.E.2d 60, 62 (Ind. 1995).

Fleenor asserts that his plea was not voluntary because he was suffering from a "spell" that caused "exhaustion, numbness, and confusion" at the time he decided to accept the plea agreement. Appellant's Brief at 8-9. However, the guilty plea hearing record indicates that Fleenor engaged in a lengthy colloquy with the trial court prior to changing his plea. He gave lucid, appropriate responses to each question posed to him and clearly indicated he understood his right to have the jury that was already seated hear his case but that he nevertheless wished to plead guilty per the plea agreement. See Tr. at 9 (Fleenor

5

stating, "I understand what I am signing, sir."). Fleenor spoke plainly about the course his case had taken, see id. at 6 (Fleenor telling the court, "I appreciate everything you did on the quick and speedy trial . . . but some of my witnesses all of a sudden lost their memory from what they told me before . . . ."), and specifically denied that he was suffering from any mental illness or disability at the time of the hearing. Fleenor's attorneys also attested they believed he understood what was happening and that he was making an informed decision in entering a guilty plea.

During the hearing on the motion to withdraw his plea, Fleenor described his "spells": "I have spells where I just, I can't think of nothin', my hands go numb, my head goes numb, I get . . . numbness in there and I just, I just can't even think of my own name at times." Id. at 45. He testified that he was suffering from one of these spells the morning of his change of plea hearing. This description does not fit with the responses he gave during the change of plea hearing and the observations of counsel and the trial court at that time, however. Moreover, Fleenor's aunt, who was present at all court proceedings, testified that although she observed that Fleenor was acting strangely during his initial hearing akin to what he described as a "spell," she did not remember him exhibiting strange behavior at any other court proceeding, including the change of plea hearing. We will not find an abuse of discretion in the denial of a motion to withdraw a guilty plea where there is conflicting evidence. McGraw, 938 N.E.2d at 1220 (holding defendant who claimed he had been under the influence of medications had not established that withdrawal of his plea was necessary to correct a manifest injustice where he denied during his guilty plea hearing that he was under the influence of drugs or alcohol and gave sensible responses to the questions asked of him).

B.  Effective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, the defendant must show both deficient performance and resulting prejudice.  Brightman, 758 N.E.2d at 46.  Deficient performance is that which falls below an objective standard of reasonableness.  Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  Prejudice is shown if "there is a reasonable probability [i.e., probability sufficient to undermine confidence in the outcome] that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Brightman, 758 N.E.2d at 46 (quoting Strickland, 466 U.S. at 694).  Counsel is presumed to have performed competently, and a defendant must offer strong and convincing evidence to overcome that presumption.  Id.  We determine whether counsel performed reasonably under the circumstances by examining the whole of counsel's work on the case.  Id.

Fleenor also claims he should have been allowed to withdraw his guilty plea because his counsel was ineffective in failing to adequately communicate with him, failing to represent his interests aggressively enough, and failing to adequately investigate his case.  Fleenor did indicate while his case was pending that he was dissatisfied with Blevins's representation of him and he wanted a different public defender.  On the day trial was to begin, a second public defender entered his appearance to assist in Fleenor's trial and was present during plea negotiations and the change of plea hearing.  Fleenor indicated prior to pleading guilty that he was satisfied with the advice of counsel and with the outcome.

The record leading up to trial indicates that Blevins was representing Fleenor's interests, as she filed several motions on his behalf, obtained medical assistance for him pending trial, participated in discovery, subpoenaed Fleenor's witnesses, and ultimately,

7

obtained a favorable plea agreement. Fleenor's main complaint seems to be that counsel did not confer with his witnesses until the morning trial was to start and had she done so earlier, he would not have been rushed into a decision to plead guilty. Fleenor requested a speedy trial, which necessarily limited the time for investigation. The witnesses were not prepared to testify as Fleenor expected, and Fleenor has not alleged any defense to the charges against him; therefore, even if counsel had conferred with Fleenor's witnesses earlier, he has not shown a reasonable probability that the outcome would have been different. In other words, even if counsel had acted as Fleenor alleges she should have, there is little chance he would have proceeded to trial and even less chance that he would have obtained a more favorable outcome had he gone to trial.

The plea agreement Fleenor was offered was advantageous to him, especially considering the stage of the proceedings. The State could have proceeded to trial on all three counts before the selected jury rather than offering a plea agreement, and if Fleenor was found guilty as charged, he could have been sentenced to an additional term of ten to thirty years. Fleenor has not shown ineffective assistance of counsel led him to plead guilty to his detriment.

## Conclusion

Fleenor has not shown that withdrawal of his guilty plea was necessary to correct a manifest injustice,[1] and accordingly, has failed to show the trial court's denial of his motion

---

[1] Additionally, the State argued at the withdrawal hearing and on appeal that it was substantially prejudiced in reliance on Fleenor's guilty plea because the firearms Fleenor was charged with possessing and using were released from evidence into the custody of Fleenor's aunt following the change of plea hearing, disrupting the chain of custody and leading to the possibility of tampering. The trial court made no findings on this particular point in its order denying the motion to withdraw, but we do note that a motion to withdraw must be denied if the court finds the State has been substantially prejudiced. See Ind. Code § 35-35-1-4(b).

to withdraw his guilty plea was an abuse of discretion.  Fleenor's conviction and sentence are affirmed.

Affirmed.

BARNES, J., and BROWN, J., concur.