## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 21 2017, 9:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William Byer, Jr.
Byer & Byer
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

William R. Rothel,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 21, 2017

Court of Appeals Case No.
48A02-1708-CR-1858

Appeal from the Madison Circuit
Court

The Honorable David A. Happe,
Judge

Trial Court Cause Nos.
48C04-1509-F6-001585
48C04-1512-F3-002137

**Brown, Judge.**

[1] William R. Rothel appeals his convictions for criminal confinement as a level 3 felony, battery as a level 5 felony, criminal recklessness as a level 6 felony, and residential entry as a level 6 felony. He raises one issue which we revise and restate as whether the trial court abused its discretion in denying his motion to withdraw his guilty plea. We affirm.

## *Facts and Procedural History*

[2] On September 25, 2015, the State charged Rothel with residential entry as a level 6 felony under cause number 48C05-1509-F6-001585 ("Cause No. 1585"). On December 15, 2015, the State charged Rothel under cause number 48C04-1512-F3-002137 ("Cause No. 2137") with: Count I, kidnapping as a level 3 felony; Count II, criminal confinement as a level 3 felony; Count III, battery as a level 5 felony; and Count IV, criminal recklessness as a level 6 felony.

[3] On December 17, 2015, Rothel filed a notice of insanity defense under Cause No. 2137. On June 30, 2016, the court entered an order finding that Rothel did not have comprehension sufficient to understand the nature of the criminal action and to assist his lawyer in his defense. The court ordered the proceedings delayed and continued and committed Rothel to the Division of Mental Health.

[4] On February 7, 2017, Robert E. Connell, a psychologist and the Psychology Director at the Logansport State Hospital, issued a report concluding that Rothel was able to understand the proceedings and assist in the preparation of his defense. The report indicated that Rothel's current diagnoses were:

Schizoaffective Disorder, Depressive Type; Opioid Use Disorder, In Sustained Remission, In a Controlled Environment; and Antisocial Personality Disorder. The report stated that Rothel was currently prescribed Zyprexa Zydis for psychosis, Wellbutrin for depression, and Klonopin for anxiety/agitation. The report also stated:

> With regard to pleas/defenses, he reported a plea of not guilty means, "Not admitting to any guilt." He stated a plea of guilty means, "That you are accepting the guilt, or uh, admitting to it." He said that a plea of guilty but mentally ill means, "That you are pleading guilty, just acknowledging that you have a mental illness." He reported that a defense of insanity means, "You're trying to prove your state of mind at the time of the crime." He understood that being found not responsible by reason of insanity would likely result in commitment to a psychiatric hospital. He defined a plea bargain as, "A chance to plead for lesser time, or lesser consequences." He understood that to accept a plea bargain, "You accept guilt, you admit you are guilty." He identified rights waved [sic] by pleading guilty as the right to "jury, attorney, face the accusers, appeal, and right to remain silent."

Appellant's Appendix Volume II at 44-45.

[5] On May 2, 2017, Rothel and his attorney signed a plea agreement in which he agreed to plead guilty but mentally ill under Cause No. 2137 to: Count II, criminal confinement as a level 3 felony; Count III, battery as a level 5 felony; and Count IV, criminal recklessness as a level 6 felony. The plea agreement provided that Count I, kidnapping, under Cause No. 2137 would be dismissed. The plea agreement provided that Rothel would plead guilty but mentally ill to

residential entry as a level 6 felony under Cause No. 1585. The agreement also provided that the State would recommend the sentence be open to argument with a cap of twelve years on any executed sentence.

[6] On May 15, 2017, the court held a guilty plea hearing under Cause Nos. 2137 and 1585. The court engaged Rothel in an exchange in which Rothel provided his name and date of birth and indicated that his signature appeared on the plea agreement and that he read and understood the agreement. Rothel also stated that he was thirty-one years old, went to the eleventh grade, obtained a GED or high school equivalence, and understood his rights. He indicated that he was prescribed and took a psychotic medication and that he had been diagnosed with schizophrenia. The following exchange then occurred:

> THE COURT: All right. And the reason that we talk about your medicine, and your mental health condition, today is because I've got to make sure that you're in a good frame of mind to understand what you're doing and also that you're able to talk to your lawyer. And as you sit here today, knowing yourself and knowing how the medication effects [sic] you, and knowing the symptoms that you suffer, do you believe that you're able to understand what you're doing here and make good decisions?
>
> [Rothel]: I do, Your Honor.
>
> THE COURT: All right. And you feel like you're able to talk with [your attorney] okay and discuss your case and help him get ready?
>
> [Rothel]: Yes, sir.
>
> THE COURT: All right.

[Rothel's Counsel]: And, Judge, could I speak to that also?

THE COURT: Yes, please.

[Rothel's Counsel]: Um, as the court knows, I've represented Mr. Rothel from early on in this case, and a prior case in Judge Clem's court, and there was some early contact where Mr. Rothel clearly didn't understand what was going on with the court. If the court will recall there was a competency determination made finding my client not competent to stand trial. There were a couple different reports. Mr. Rothel spent a significant amount of time in the Mental Health Unit at the Department of Correction before being transported to Logansport State Hospital. He and I have had several conversations since he's returned and there's certainly a marked difference. He and I have had several good conversations about the plea agreement; he's asked very good questions about the possibilities in sentencing and whether I thought it was in his best interest to accept the plea. So I certainly have seen the change in Mr. Rothel from the beginning of the case to this point now, Judge. And I don't have any concern about him understanding the agreement.

THE COURT: Okay. All right. Thank you, Mr. Williams. The Court will note that even the limited time that I've spent with you Mr. Rothel, here in court, you seem like a very different person. You seem like you're very alert at this point, you're understanding what's happening, and I'm glad to see the change has happened.

[Rothel]: Yes, sir.

Transcript Volume II at 29-31. The court then engaged in an exchange with Rothel in which Rothel stated that he understood that the plea agreement was a contract between him and the State. After further discussion, he indicated that he was pleading guilty but mentally ill to Count II, criminal confinement as a

level 3 felony, Count III, battery as a level 5 felony, and Count IV, criminal recklessness as a level 6 felony, under Cause No. 2137, and residential entry as a level 6 felony under Cause No. 1585. The prosecutor stated the factual bases for both cases. Specifically, the prosecutor stated:

> If this case were to go to trial the State would prove beyond a reasonable doubt that on or about December 12, 2015, in Madison County, Indiana, Mr. William Rothel did knowingly or intentionally confine E.M., without E.M.'s consent while William Rothel was armed with a deadly weapon. Also on that same date, um, William Rothel knowingly or intentionally touched another person, E.M., in a rude, insolent or angry manner resulting in bodily injury, bruising or scrapes, and the offense was committed with a deadly weapon, a screwdriver. On that date, um, William Rothel also recklessly, knowingly, or intentionally performed an act that created a substantial risk of bodily injury to another person, E.M., while William Rothel was armed with a deadly weapon, that being a screwdriver. In case ending in 1585 if this case were to proceed to trial the State would prove would beyond reasonable doubt that on or about September 25, 2015, in Madison County, State of Indiana, William Rothel did knowingly or intentionally break and enter the dwelling of Frances Lanton or Tonya Moore or Melissa Webster. Those events occurred in Madison County, Indiana.

*Id.* at 34.

[7] The court then asked Rothel if he heard and understood everything the prosecutor just said, and Rothel answered: "I did, Your Honor." *Id.* at 35. The court asked Rothel if all those facts were correct, and Rothel answered affirmatively. The court found that his guilty pleas were made freely and voluntarily and that there was a factual basis supporting each of the guilty pleas.

[8]     On June 19, 2017, the court began a scheduled sentencing hearing, and Rothel filed a verified motion to withdraw guilty plea under both cause numbers alleging that he had no memory whatsoever of the incidents to which he pled guilty.  His counsel asserted that after Rothel was found competent to stand trial he was returned to the Madison County Jail with a prescription for Olanzapine, that it appeared that he stopped taking the antipsychotic drug he had been prescribed at least by April 4, 2017, that his guilty plea occurred on May 15th, and that Rothel had no memory of the crime and had no criminal intent.[1]  The prosecutor objected to the motion.  The prosecutor also stated: "I haven't seen the actual records, but I don't have any reason to disbelieve that it was a month."  *Id.* at 43.  He argued that "even though it was a month, based on the Court's observations and I think a totality of the circumstances, the record would support the fact that Mr. Rothel was competent at the time, he understood the rights waiver and willingly entered a plea agreement."  *Id.*

[9]     After some discussion, Rothel indicated that he did not have criminal intent toward the child at the time.  When asked by his counsel if he had told Rothel that the child would have to testify if they had a trial, Rothel answered:

> Yeah.  And that's something I – I really don't want to put any of
> the victims through.  Um, but, at the same time, it's something I

---

[1] Rothel's counsel stated: "It would appear from the documentation that I have, and I'm happy to provide it to the Court and State, but it would appear that about a month prior [to the guilty plea hearing], actually a little more than a month prior, on April – at least April 4th of 2017, at that time my client had stopped taking the antipsychotic drug that he had been prescribed.  The jail records confirmed that."  Transcript Volume II at 40.  The record does not contain any documentation or jail records related to Rothel's use of medication.

don't – I really have a – don't remember and I really don't have – there was no intention in it. But that was a big part of the I guess factor and (indiscernible – trailing off).

*Id.* at 48. On cross-examination, Rothel indicated that he was not intoxicated at the time of the offense and that the police reports said he was intoxicated. When asked how he remembered not being intoxicated but not anything else, he answered: "At the time, I was on several different psych medications." *Id.* at 50. The prosecutor asked him: "So, you could've been intoxicated?" *Id.* Rothel replied: "Off the medication that they prescribed, I mean, that would be it." *Id.*

[10] Upon questioning by the court, Rothel stated that he thought the child involved in the case was his. When asked why he wanted to withdraw his plea, Rothel answered: "Um, a big reason I – I just do not – I took the – signed the plea and a big factor was just not wanting to put the victims through any of it. But I – I really do not remember a good part of this. And just the fact I even – what was going through my mind at the time." *Id.* at 54. Rothel indicated that he stopped taking his medication because they were deducting money from his commissary account. When asked if he noticed any difference since he stopped taking the medication, he answered:

> I mean, I – I think I have. It's hard – it's hard to say because when you're on it see you're – you gotta let it build up in your system and, when you get off of it, it fluctuates and gets out of your system. So, it's like a time period. I – I'm sure I do for the extent of time that I was on it. I'm sure there is a difference.

*Id.* at 56. Rothel also added: "Whether I can tell it all the way or not, I'm not sure there is." *Id.*

[11] The court denied Rothel's motion and stated in part:

> Competence is not always a completely black and white issue, although there is a line, at least a theoretical line, drawn by the case law. I think it's fair to say that Mr. Rothel is closer to that line today than he was at the time he submitted his guilty plea. With any client, for a variety of reasons, there's a spectrum of ability to understand what the case is about and understand the rights and law that applies to the case. There's a spectrum of helpfulness to their own counsel in preparing the defense. I can't say from what I've heard that there is a strong indication of lack of competence on Mr. Rothel's part which would cause us to restart the entire competence evaluation process again. There is a real concern that by continuing the case, um, we're inflicting some costs on the State and the quality of their case going forward. We're inflicting some costs on the victim's family and the victim in the case in continuing the matter without finality. And there is potentially a cost to Mr. Rothel in terms of his level of competence. I'm not sure if we set this case in three (3) or four (4) months down the road that things are going to be better in terms of his ability to understand and help than they are today. I wish we weren't in this situation. I wish Mr. Rothel had continued the medication and it wouldn't even be a close call I think at that point. Where we are, it is somewhat more of a close call. But, on balance, I can not find that I found such a strong suggestion of lack of competence in the record that the guilty plea should be withdrawn. So, I am going to deny the request to withdraw the guilty plea.

*Id.* at 62-63. After some discussion, the court stated that it was going to allow some additional time for Rothel to return to his medication and rescheduled the sentencing hearing for July 17th.

[12] On July 17, 2017, the court held a sentencing hearing and sentenced Rothel under Cause No. 1585 to a suspended sentence of two years for residential entry as a level 6 felony. Under Cause No. 2137, the court sentenced him to fourteen years with ten years served at the Department of Correction, two years served on home detention, and two years suspended for criminal confinement as a level 3 felony, four years for battery by means of a deadly weapon as a level 5 felony, and two years for criminal recklessness as a level 6 felony. The court ordered that the counts within Cause No. 2137 be served concurrent with each other and consecutive to the sentence in Cause No. 1585.

## *Discussion*

[13] The issue is whether the trial court erred in denying Rothel's motion to withdraw his guilty plea. Ind. Code § 35-35-1-4(b) governs motions to withdraw guilty pleas filed after a defendant has pled guilty but before the trial court has imposed a sentence. The trial court must allow a defendant to withdraw a guilty plea if "necessary to correct a manifest injustice." *Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001) (quoting Ind. Code § 35-35-1-4(b)). By contrast, the trial court must deny the motion if withdrawal of the plea would "substantially prejudice" the State. *Id.* (quoting Ind. Code § 35-35-1-4(b)). In all other cases, the trial court may grant the defendant's motion to withdraw a

guilty plea "for any fair and just reason." *Id.* (quoting Ind. Code § 35-35-1-4(b)).

[14] A defendant has the burden to prove by a preponderance of the evidence and with specific facts that he should be permitted to withdraw his plea. Ind. Code § 35-35-1-4(e); *Smith v. State*, 596 N.E.2d 257, 259 (Ind. Ct. App. 1992). "Manifest injustice" and "substantial prejudice" are necessarily imprecise standards, and an appellant seeking to overturn a trial court's decision faces a high hurdle. *Coomer v. State*, 652 N.E.2d 60, 62 (Ind. 1995). "The trial court's ruling on a motion to withdraw a guilty plea arrives in this Court with a presumption in favor of the ruling." *Id.* We will reverse the trial court only for an abuse of discretion. *Id.* In determining whether a trial court has abused its discretion in denying a motion to withdraw a guilty plea, we examine the statements made by the defendant at his guilty plea hearing to decide whether his plea was offered "freely and knowingly." *Id.* *See also Davis v. State*, 770 N.E.2d 319, 326 (Ind. 2002) (holding that a trial court's decision on a request to withdraw a guilty plea is presumptively valid, and a party appealing an adverse decision must prove that the court has abused its discretion), *reh'g denied*.

[15] Rothel argues that the record demonstrates the trial court abused its discretion in failing to grant his motion to withdraw his plea agreement and that the State did not show that it was substantially prejudiced by relying on Rothel's plea. He asserts that his failure to take medication in advance of the submission of his plea agreement establishes a fair and just reason for him to withdraw that plea. He points to his version of the offenses in the presentence investigation report

and asserts that those versions, his mental illness, and his need for medication substantiate that he did not possess the requisite intent.[2]

[16] The State argues that the trial court properly denied Rothel's motion to withdraw his guilty plea, that Rothel testified at the guilty plea hearing that he understood the prosecutor's factual bases and stated that the facts were correct. The State contends that Rothel's statements that he did not remember, there was no intention in his offenses, and that he thought the child was his contradict each other.

[17] The record reveals that the Psychology Director at the Logansport State Hospital issued a report on February 7, 2017, concluding that Rothel was able to understand the proceedings and assist in the preparation of his defense. The report also described Rothel's understanding of a guilty plea. Rothel and his counsel signed the plea agreement dated May 2, 2017. At the guilty plea hearing, Rothel engaged in a colloquy with the trial court in which he provided lucid and responsive answers. He indicated that he took a psychotic medication and that he believed he was able to understand what he was doing there and make good decisions. His counsel stated that he and Rothel had several good conversations about the plea agreement and that counsel did not have any

---

[2] In the presentence investigation report, Rothel's version of the offense under Cause No. 1585 states: "I walked into my neighbor's screened in porch and knocked on the door. We weren't getting along at the time and they called the police." Appellant's Appendix Volume II at 60. His version of the offenses under Cause No. 2137 states: "Without medication I don't think well. At the time, I thought a kid was mine so I grabbed a kid and set him down." *Id.* at 61.

concern about Rothel understanding the agreement. The trial court told Rothel: "You seem like you're very alert at this point, you're understanding what's happening, and I'm glad to see the change has happened." Transcript Volume II at 31. After the prosecutor provided the factual bases, Rothel indicated that he understood what the prosecutor said and that the facts were correct. At the June 19, 2017 hearing, Rothel stated that did not remember, yet also stated that that there was no intention in the offense, that he was not intoxicated, and that he thought the child was his.

[18] Based upon our review of the record, we conclude that Rothel has not overcome the presumption of validity accorded the trial court's denial of his motion to withdraw his guilty pleas. Such a denial was within the discretion of the court, and we cannot say its refusal to allow Rothel to withdraw his guilty pleas constitutes manifest injustice. *See Coomer*, 652 N.E.2d at 63 (holding that the refusal to allow defendant to withdraw his guilty plea did not constitute manifest injustice); *Jeffries v. State*, 966 N.E.2d 773, 778 (Ind. Ct. App. 2012) ("Instances of manifest injustice may include any of the following, none of which are present here: a defendant is denied the effective assistance of counsel, the plea was not entered or ratified by the defendant, the plea was not knowingly and voluntarily made, the prosecutor failed to abide by the terms of the plea agreement, or the plea and judgment of conviction are void or voidable."), *trans. denied*; *McGraw v. State*, 938 N.E.2d 1218, 1220 (Ind. Ct. App. 2010) (observing that the guilty plea hearing record indicated that the defendant denied being under the influence of drugs or alcohol at that time, he gave lucid,

appropriate responses to each question posed to him, and holding that the defendant had not established that the withdrawal of his plea was necessary to correct a manifest injustice and the trial court acted within its discretion by denying his motion to withdraw his guilty plea), *trans. denied*.

## *Conclusion*

[19] For the foregoing reasons, we affirm Rothel's convictions.

[20] Affirmed.

Baker, J., and Riley, J., concur.