## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 31 2018, 7:58 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

K. Aaron Heifner
Heifner Law, Inc.
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert L. Rickard III,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

December 31, 2018

Court of Appeals Case No.
18A-CR-877

Appeal from the Madison Circuit Court

The Honorable Thomas Newman, Jr., Judge

Trial Court Cause No.
48C03-1609-F2-2049

**Mathias, Judge.**

[1] Robert L. Rickard III ("Rickard") pleaded guilty in Madison Circuit Court to Level 2 felony criminal confinement, Level 5 felony robbery, and Level 6 felony

auto theft. Rickard later filed a motion to withdraw his guilty plea, which the trial court denied. Rickard appeals and claims that the trial court abused its discretion by denying his motion to withdraw his guilty plea.

We affirm.

## Facts and Procedural History[1]

On September 25, 2016, Jane Chambers ("Chambers"), Hazel Fellows ("Fellows), and Chambers's young son were in a car in Anderson, Indiana. Rickard, whom they did not know, approached the car, got inside and told Chambers to drive. Chambers was frightened and ran out of the car with her son. Fellows, however, remained in the front passenger seat. Rickard climbed into the now-vacant driver's seat and drove away. Chambers telephoned the police, who soon apprehended Rickard on Interstate 69.

On September 26, 2016, the State charged Rickard with Level 5 felony robbery and Level 6 felony auto theft. Four days later, the State filed an amended information charging Rickard with the additional offense of Level 2 felony criminal confinement. Rickard was subsequently evaluated by mental health professionals and determined to have been suffering from a mental illness at the time he committed his offenses.

---

[1] We take the facts underlying this case from the factual basis set forth during the guilty plea hearing.

[5]     On February 28, 2018, Rickard entered into an agreement with the State in which he agreed to plead guilty but mentally ill on all charges, and the State agreed that Rickard would be sentenced to fifteen years of incarceration. At the hearing on the guilty plea, the following exchange took place between Rickard and the trial court:

| | |
|---|---|
| [Court]: | Okay. I have before me a plea agreement umm... before I can [accept] any plea from you I need to ask you questions so I'm satisfied that you understand your Constitutional Rights; that your plea is free and voluntarily made; that it is accurate; that there is a basis and fact for it, if at any time during the hearing Mr. Rickard . . . If at any time you want me to stop so you can talk to [defense counsel] I'll be happy to do that. Have you been treated for any mental illness or do you now suffer from any mental or emotional disability? |
| [Rickard]: | I do. |
| [Court]: | I'm sorry. |
| [Rickard]: | Yes. |
| [Court]: | Okay are you on medication for that sir? |
| [Rickard]: | Under medical order I should be however because of the facility I'm being housed in I'm not. |
| [Court]: | Okay would this condition cause you not to understand what you're doing right now? |
| [Rickard]: | That's the way I understand it. |
| [Court]: | You understand you're here in the courtroom and we're having a hearing pursuant to a plea agreement. Did you sign this plea agreement sir? |

[Rickard]: (NO VERBAL RESPONSE)

[Court]: That's your signature there?

[Rickard]: (NO VERBAL RESPONSE)

[Court]: Did you show him the signature?

[Defense counsel]: Yeah we have the original right here.

[Court]: Is that his signature?

[Defense counsel]: Yes.

[Rickard]: Yes.

[Court]: Okay Mr. Rickard [your] Constitutional Rights are that you have the right to a public and speedy trial by jury. You have the right to face all witnesses against you; to see or question, cross examine them, to have your own witnesses appear and testify for you and if you had a trial the State would have to prove your guilt beyond a reasonable doubt before you could be found guilty and you have the right to testify for yourself and you also have the right to remain silent. Those are your Constitutional Rights. Mr. Rickard do you understand your rights?

[Rickard]: Thank you yes.

[Court]: And you understand sir by pleading guilty you waive your rights?

[Rickard]: Yes.

[Court]: Okay if you had a trial and were found guilty and you wanted to appeal and you didn't have the funds to hire an attorney we would provide one (1) for you at no cost and by pleading guilty you're admitting to the truth of the allegations brought forth by the State and

we will proceed with [judgment] of conviction and sentence you without a trial. You're pleading guilty to a level 5 felony which is normally punishable by three (3) years, up to three (3) can be added and two (2) subtracted for one (1) to six (6) range.

[Defense counsel]:  F2.

[Court]:    I'm sorry?

[Defense counsel]:  It's an F2 [Level 2 felony] case.

[Court]:    Oh [you're] right. I'm sorry. It's Count III. Alright there is a level 5 in there and the level 2 case sir, that's a normal sentence of seventeen and [a] half (17.5) years, twelve and [a] half (12.5) can be added and ten (10) subtracted I mean sorry seven and [a] half (7.5) subtracted for a ten (10) to thirty (30) range and up to a ten thousand dollar ($10,000.00) fine. There also is a level 6 felony here which is normally punishable by one (1) year up to a year and [a] half (1.5) can be added and [a] half (.5) year subtracted for a range of six (6) months to two and [a] half (2.5) years and up to a ten thousand dollar ($10,000.00) fine and under some circumstances those level [sixes] can be reduced to class A misdemeanors punishable by no time up to one (1) year and up to a five thousand dollar ($5,000.00) fine. Uhh. . . the court can take in to consideration any prior criminal history you might have and use it as an aggravating circumstance to add time to the normal sentence[,] to run sentences consecutive instead of concurrently and to execute them instead of placing you on probation. If I do not follow the terms of this plea agreement Mr. Rickard I will allow you to reenter a plea of not guilty and the proceedings we're doing right now will not be made a matter of record. Have you been offered any leniency

or any special treatment other than this agreement to cause you to plead guilty?

[Rickard]: No your Honor.

[Court]: Have you been forced to plead guilty sir?

[Rickard]: No.

[Court]: Do you feel as though your plea will be your own free and voluntary act?

[Rickard]: I do.

[Court]: And you're satisfied with the way Mr. Beeman has represented you?

[Rickard]: Absolutely.

[Court]: Knowing all these things you still want to plead guilty is that right?

[Rickard]: (NO VERBAL RESPONSE).

[Court]: Okay is that right sir, do you want to plead guilty?

[Rickard]: Just one (1) moment your Honor.

[Court]: Yes sir.

[Rickard]: Yes your Honor.

Tr. pp. 4–8.

[6] The State then set forth the factual basis of the plea, and Rickard admitted that he committed the acts set forth in the factual basis. The trial court then asked Rickard directly what his plea was to the charges of robbery, auto theft, and criminal confinement. Rickard stated "[g]uilty" to each. *Id*. at 10. The trial

court then accepted Rickard's plea, finding that Rickard understood the nature of the charges against him, understood his rights, and that his plea was freely and voluntarily made. *Id*. at 11.

[7] On March 5, 2018, two days prior to the scheduled sentencing hearing, Rickard filed a motion to withdraw his guilty plea. In this motion, Rickard claimed that he had had time to "reflect" upon his plea and wanted to withdraw the plea to pursue an insanity defense at trial. Appellant's App., p. 30. On March 7, the trial court held a hearing on Rickard's motion to withdraw his guilty plea. At the hearing, Rickard testified that he had more time to think about it and desired to go to trial and attempt to assert an insanity defense. The trial court denied the motion and sentenced Rickard pursuant to the terms of the plea agreement, i.e. fifteen years executed. Rickard now appeals.

## Standard of Review

[8] Indiana Code section 35-35-1-4 governs motions to withdraw guilty pleas. After a defendant pleads guilty, but before a sentence is imposed, a defendant may file a motion to withdraw a plea. *Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001) (citing I.C. § 35-35-1-4(b)). The court must allow the defendant to withdraw the plea if it is "necessary to correct a manifest injustice." *Id*. (quoting I.C.§ 35-35-1-4(b)). Instances of manifest injustice may include any of the following: a defendant is denied the effective assistance of counsel, the plea was not entered or ratified by the defendant, the plea was not knowingly and voluntarily made, the prosecutor failed to abide by the terms of the plea

agreement, or the plea and judgment of conviction are void or voidable. *Jeffries v. State*, 966 N.E.2d 773, 778 (Ind. Ct. App. 2012), *trans. denied*. But the court must deny the motion if withdrawal of the plea would "substantially prejudice[]" the State. *Brightman,* 758 N.E.2d at 44 (quoting I.C. § 35-35-1-4(b)). In all other cases, the trial court has the discretion to grant a defendant's motion to withdraw a guilty plea "for any fair and just reason." *Id*. (quoting I.C.§ 35-35-1-4(b)).

[9] A trial court's ruling on a motion to withdraw a guilty plea arrives in this court with a presumption in favor of the ruling, and we will reverse the trial court only for an abuse of discretion. *Id*. In determining whether a trial court has abused its discretion, we examine the statements made by the defendant at his guilty plea hearing to decide whether his plea was offered freely and knowingly. *Id*. Moreover, because the moving party bears the burden of establishing his grounds for relief by a preponderance of the evidence, *Gross v. State*, 22 N.E.3d 863, 868 (Ind. Ct. App. 2014), *trans. denied* (citing I.C. § 35-35-1-4(e)), Rickard appeals from a negative judgment. *See Burnell v. State*, 56 N.E.3d 1146, 1149–50 (Ind. 2016). On appeal from a negative judgment, we will reverse only if the judgment is contrary to law, and a judgment is contrary to law if the evidence leads to but one conclusion and the trial court reached the opposite conclusion. *Id*. at 1150. We will consider the evidence in the light most favorable to the prevailing party, together with all reasonable inferences therefrom, and we neither reweigh the evidence nor judge the credibility of witnesses. *Id*.

# Discussion and Decision

[10] Rickard claims that the trial court abused its discretion by denying his motion to withdraw his guilty plea. He argues that it was apparent at the guilty plea hearing that he did not understand the ramifications of his plea and that, due to his mental illness, the trial court should not have accepted the guilty plea.

[11] As noted by the State, this is not the grounds advanced by Rickard below as justification for withdrawing his guilty plea. In his motion to withdraw, Rickard claimed that he had had time to reflect on his plea and wished to proceed to trial so that he could assert an insanity defense. A party may not present an argument for the first time on appeal, and the failure to present an argument below results in waiver on appeal. *Leatherman v. State*, 101 N.E.3d 879, 885 (Ind. Ct. App. 2018). A trial court cannot be found to have erred as to an issue or argument that it never had an opportunity to consider. *Id*. Thus, as a general rule, a party may not present an argument or issue on appeal unless the party raised that argument or issue before the trial court. *Id*. (citing *Marshall v. State,* 621 N.E.2d 308, 314 (Ind. 1993); *See McGraw v. State*, 938 N.E.2d 1218, 1220 (Ind. Ct. App. 2010) (concluding that appellant waived argument that trial court coerced him into pleading guilty where defendant failed to make this argument to the trial court), *trans. denied*. But even if Rickard had presented this argument below and thus properly preserved this issue for appeal, he would not prevail.

[12]    We first note that the grounds stated in Rickard's motion to withdraw do not establish that the trial court was required to grant the motion to correct a "manifest injustice." The grounds stated in the motion, and argued at the hearing on the motion, simply established that Rickard had more time to think about the plea, changed his mind, and decided that he would rather take the chance of going to trial with an insanity defense. Merely changing one's mind does not establish the existence of a manifest injustice.

[13]    On appeal, Rickard argues that he was not in a proper mental state at the time he entered his plea of guilty. Rickard did claim to suffer from a mental illness at the guilty plea hearing, and the State does not deny this. But the trial court took care to confirm that Rickard understood the rights he was waiving by pleading guilty. The court asked questions to ensure that Rickard had not been forced to plead guilty, that his plea was his own free and voluntary act, and that he was satisfied with his counsel's representation. The court also asked Rickard if, having been advised of his rights, he still wished to plead guilty. Rickard responded affirmatively.

[14]    As an appellate court, we have only a cold transcript before us to review. The trial court saw Rickard and how he presented himself in court and was accordingly in a much better position to determine if Rickard's mental health issues impeded his ability to knowingly and voluntarily plead guilty. And we are unable to say that the trial court abused its discretion in concluding that Rickard's plea was knowing and voluntary despite his mental illness.

[15] Our analysis is not altered by the fact that Rickard was also apparently mentally ill at the time of his offense. The fact that Rickard is mentally ill does not, in and of itself, mean that an insanity defense would be successful. *See Barcroft v. State*, 111 N.E.3d 997, 1002 (Ind. 2018) ("Proof of mental illness alone is not enough" to prove insanity defense) (citing *Myers v. State*, 27 N.E.3d 1069, 1075 (Ind. 2015)). An insanity defense requires the defendant to establish by a preponderance of the evidence that he not only suffers from a mental disease or defect but that this rendered him unable to appreciate the wrongfulness of his conduct at the time of the offense. *Id.* (citing Ind. Code §§ 35-41-4-1(b), 35-41-3-6(a)). This is a difficult burden. *See id.* (affirming trial court's rejection of defendant's insanity defense despite the unanimous testimony of three mental health experts that defendant was mentally ill and unable to appreciate the wrongfulness of her conduct at the time of the offense).

[16] Rickard also briefly claims that he was given too little time to adequately consider the plea; he claims that he had only three days to consider the plea before the guilty plea hearing. However, as noted by the State's argument before the trial court, the State had first offered Rickard a plea deal as early as October 2016—one month after the offenses, and the State's plea offers became more favorable to Rickard as time elapsed. This is not a case where the State surprised Rickard with a last-minute plea deal. Moreover, three days is not an insubstantial amount of time, and it does not necessarily follow that Rickard would have come to a different decision had he only been given more time.

[17] Lastly, there was evidence before the court that granting the motion to withdraw the guilty plea would prejudice the State's case. At the time of the guilty plea hearing, the case had been pending for well over a year, and one of the witnesses had moved to England. Under the facts and circumstances of the present case, we cannot say that the trial court abused its discretion in denying Rickard's motion to withdraw his guilty plea.

## Conclusion

[18] The trial court did not abuse its discretion by denying Rickard's motion to withdraw his earlier plea of guilty. The argument Rickard presents on appeal is not the same argument he presented to the trial court, and Rickard cannot present this argument for the first time on appeal. But even if he could, the record indicates that Rickard knowingly and voluntarily pleaded guilty, and we will not second-guess the trial court's assessment of Rickard's competence to plead guilty, despite his uncontroverted mental illness. Also, granting Rickard's motion to withdraw would have prejudiced the State's case. For all of these reasons, we affirm the judgment of the trial court.

[19] Affirmed.

Bailey, J., and Bradford, J., concur.